UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS A. TROSZAK,

    Plaintiff,                      CIVIL ACTION NO. 09-CV-14107

   vs.

                                           DISTRICT JUDGE BERNARD A. FRIEDMAN

UNITED STATES OF AMERICA,       MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that the Defendant's Motion to Dismiss (docket no. 5) be **GRANTED**. In light of the above recommendation, this Court also recommends that Plaintiff's Motion to Amend Complaint (docket no. 7) be **DENIED as MOOT**.

**II.**     **REPORT:**

On September 15, 2009, Plaintiff filed a complaint in state court against IRS Revenue Officer Michael Bryant, alleging tortious interference with a business relationship. On October 16, 2009 the government filed a notice of removal pursuant to 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1442(a)(1), together with a certification that Michael Bryant was acting within the scope of his employment at the time of the incident giving rise to this suit. (Docket no. 1). Upon filing the certification, the United States of America was automatically substituted as the party defendant in this action. 28 U.S.C. § 2679(d)(1).

On November 17, 2009, the government filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Docket no. 7). The motion

1

has been fully briefed. (Docket nos. 6, 10). All pretrial matters have been referred to the undersigned for action. (Docket no. 11). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

**A. Standard**

Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the jurisdictional claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction. *Id*.

**B. Analysis**

Plaintiff's complaint alleges that Michael Bryant made unreasonable demands and engaged in coercive behavior as an IRS collection officer in an attempt to obtain payment of penalty revenue from Plaintiff. (Docket no. 1). The government asserts in the instant motion that the Plaintiff's suit is barred because the complaint fails to allege exhaustion of administrative remedies. (Docket no. 5). The government further argues that the complaint should be dismissed under the derivative jurisdiction doctrine. (Docket no. 5 at 5).

26 U.S.C. § 7433 provides that if "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7433(a). "[S]uch civil action shall be

the exclusive remedy for recovering damages resulting from such actions." 26 U.S.C. § 7433(a).[1]

The derivative jurisdiction doctrine recognizes that in cases removed to federal court, a federal court's jurisdiction is derivative of that of the state court. *Minnesota v. United States*, 305 U.S. 382, 389 (1939). Consequently, if the state court where the action was originally filed lacked jurisdiction over the subject matter or the parties, the federal court also lacks jurisdiction upon removal of the action. This is true even if the federal court would have had jurisdiction had the action originally been filed in federal court. *Id.*; *See also Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998).

Congress overruled the doctrine of derivative jurisdiction for actions removed under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f). However, the doctrine "is still intact with regard to cases removed under other removal statutes, including § 1442." *Graber v. Astrue*, No. 07-cv-1254, 2009 WL 728564, at *2 (S.D. Ohio March 17, 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2007 WL 1461036, at *2 (E.D. La. May 16, 2007) (citing cases that hold that the derivative jurisdiction doctrine still applies to cases removed pursuant to 28 U.S.C. § 1442(a)). The Court may not recharacterize a proper removal under § 1442 to one under § 1441, even in *pro se* cases where it appears that the defendant may have intentionally selected § 1442 over § 1441 "for the very reason that the derivative jurisdiction doctrine would divest the court of jurisdiction." *Graber v. Astrue*, No. 07-cv-1254, 2009 WL 728564, at *4 (S.D. Ohio March 17, 2009).

---

[1]The government's Motion to Dismiss addresses issues under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. (Docket no. 5 at 6-7). 28 U.S.C. § 2680(c) provides that a claim will not lie under the Federal Tort Claims Act for actions arising "in respect of the assessment or collection of any tax. . . ." Plaintiff's complaint and his pleadings with this Court indicate that the actions giving rise to this lawsuit relate to the wrongful collection activities of an IRS agent. Therefore, the Court will construe Plaintiff's complaint as alleging a violation of 26 U.S.C. § 7433, and will not address the government's arguments under the FTCA.

26 U.S.C. § 7433 provides that in any action for collection of taxes, a taxpayer may bring a civil action for damages against the United States in federal district court. An action under 26 U.S.C. § 7433 must be brought within two years after the cause of action accrues. Plaintiff's complaint seeks damages resulting from Michael Bryant's alleged improper collection activities which commenced in December 2007. The state court did not have jurisdiction over Plaintiff's complaint. Accordingly, this Court recommends that Plaintiff's complaint for a violation of 26 U.S.C. § 7433 be dismissed with prejudice. Because the Court finds that Plaintiff's complaint should be dismissed under the derivative jurisdiction doctrine, this Report does not address the government's argument that the complaint should also be dismissed because Plaintiff failed to allege that he exhausted administrative remedies with the IRS as required by 26 U.S.C. § 7433.

In light of this recommendation, the undersigned also recommends that Plaintiff's Motion to Amend Complaint to substitute the United States as a Defendant and to assert new allegations against the government should be denied as moot. The United States was substituted as the party Defendant in this action on October 16, 2009. (Docket no. 1). Furthermore, because the court has no jurisdiction over the claims in the original complaint, it has no jurisdiction to permit an amendment. *Carrigan v. Asher*, No. 07-12520, 2008 WL 2245841, at *6 (E.D. Mich. April 30, 2008) (citing *State of Alabama v. U.S. Army Corp. of Engineers*, 382 F. Supp. 2d 1301, 1315-16 (N.D. Al. 2005)).

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 6, 2010          s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Douglas Troszak and Counsel of Record on this date.

Dated: May 6, 2010          s/ Lisa C. Bartlett
                            Case Manager